UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHANE WITMER,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF,<br><br>Respondent. | CAUSE NO. 3:26-CV-1195-TLS-JEM |

OPINION AND ORDER

Shane Witmer, a prisoner without a lawyer, filed a habeas petition in connection with Case No. 02D05-2203-F4-29, a State criminal proceeding initiated in the Allen Superior Court.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A critical component of a valid habeas claim is a challenge to the petitioner's custody. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States."). However, Witmer represents that he was acquitted in Case No. 02D05-2203-F4-29, and the electronic docket further indicates that he has since transferred from the Allen County Jail to the Kosciusko County Jail. ECF 1 at 1; ECF 2. The electronic docket for the State courts further indicates that, on August 7, 2026, the Allen Superior Court ordered Witmer's release in connection with Case No. 02D05-2203-F4-29. Consequently, Witmer is no longer in custody pursuant to Case No.

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

02D05-2203-F4-29, so the court will deny the habeas petition as moot. Though Witmer seeks damages for his time in pretrial detention, he cannot pursue such relief in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate whether the petition states a valid habeas claim. Therefore, the court denies Witmer a certificate of appealability.

For these reasons, the court:

(1) DENIES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are moot;

(2) DENIES Shane Witmer a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on September 18, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT